UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY LENEZ BANGMON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-0370 |
| | § | |
| DAMON ALEXANDER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Lenez Bangmon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brought this civil rights suit complaining of an alleged use of force incident and denial of adequate medical care. On September 5, 2018, the Court dismissed Bangmon's claims and entered final judgment (Dkt. 64, 65). On October 8, 2018, Plaintiff executed a motion to reconsider (Dkt. 66) invoking Federal Rule of Civil Procedure 59(e), which the Court received and docketed on October 12, 2018. Having reviewed the plaintiff's filings, the applicable law, and all matters of record, the Court concludes that the motion should be **denied** for the reasons that follow.

### I. BACKGROUND

Plaintiff's motion to reconsider takes issue with the Court's opinion dismissing his claims. He maintains that he previously had presented evidence that he had "body parts" (in particular, bone fragments) that were removed during his July 2014 discectomy, and attaches medical records supporting his statement. He also continues to assert that his

1 / 5

surgery in 2014 was the result of the alleged use of force by Officer Alexander in November 2012. Plaintiff also argues that Defendants violated TDCJ's reporting policy for use of force incidents and that Dr. Hulipas did not provide the medical care Plaintiff requested. Finally, Plaintiff argues that in an earlier memorandum opinion (Dkt. 44) dated February 22, 2018, the Court erred when dismissing his claims against four defendants for failure to exhaust administrative remedies.

## II.  LEGAL STANDARDS

### A.  Rule 59(e)

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.

A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). The time limit under Rule 59(e) is mandatory and jurisdictional; it may not be extended by waiver of the parties or by district court ruling. *U.S. Leather, Inc., v. H & W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995). Rule 6 expressly

prohibits an extension of time to act under Rule 59(e). FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under . . . .Rule 59 (b), (d), and (e)").

Under the prison mailbox rule, a prisoner's Rule 59(e) motion is deemed filed as of the date the notice is delivered to prison officials for mailing. *Uranga v. Davis*, 893 F.3d 282, 285 (5th Cir. 2018); *Brown v. Taylor*, 829 F.3d 365, 368 (5th Cir. 2016).

### B. Rule 60(b)

A motion under Rule 60(b) is not subject to the 28-day time period imposed by Rule 59(e). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Rule 60(b) is an uncommon means for relief, and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (internal citation, alteration, and quotation marks omitted). A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Relief under Rule 60(b)(6) is permitted "[o]n motion and just terms . . . for . . . any other reason that justifies relief," but is appropriate "only if extraordinary circumstances are present." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (internal citations and quotation marks omitted).

## III. ANALYSIS

Bangmon's motion does not attach a certificate of service stating when he delivered it for mailing. *See Uranga*, 893 F.3d at 285. Nevertheless, even if the Court were to consider the motion filed on October 8, 2018, the day it was executed by Bangmon, the motion would be untimely under Rule 59(e) because it was filed more than twenty-eight days after judgment was entered on September 5, 2018. Although Bangmon states that his filing "may possibly be a little late" because he had two surgeries in September (Dkt. 66, at 9), this Court cannot extend the filing period for a Rule 59(e) motion. FED. R. CIV. P. 6(b)(2). The Court therefore construes Bangmon's motion as a motion for relief under Rule 60. *Demahy*, 702 F.3d at 182 n.2.

Bangmon's motion contains only arguments that were raised or could have been raised prior to judgment. For example, he argues that he presented evidence before entry of judgment that bone fragments were removed during his discectomy. The Court considered the evidence of his discectomy and held that Bangmon had provided nothing more than conclusory allegations to show that the surgery was the result of Officer Alexander's alleged use of force in 2012. *See* Dkt. 64, at 20-21 ("[a]lthough Plaintiff asserts that his July 2014 surgery . . . was necessitated by the alleged use of force in November 2012, he provides no supporting facts"). Plaintiff's current motion continues to assert causation, but his attached records provide no support for his assertion.

Bangmon also argues that the Court's earlier dismissal of four defendants on exhaustion grounds should be reconsidered because he in fact "reported the use of force" and "request[ed] medical attention" on the date of the incident (Dkt. 66, at 2). These

assertions are irrelevant to the requirement that an inmate exhaust TDCJ's two-step grievance procedure, which was the basis of the Court's prior ruling (Dkt. 44).

Bangmon presents no argument warranting relief under Rule 60(b). *See Dial One*, 401 F.3d at 607; *Hesling*, 396 F.3d at 642.

## IV.  **CONCLUSION**

The plaintiff's motion to reconsider (Dkt. 66) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 8th day of November, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge